IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOHN D. LACH,

        Plaintiff,

v.

MERCK & CO., INC.,

        Defendant.

CIVIL ACTION No. 05-10583-PBS

RECEIPT # 63004
AMOUNT $ 250.00
SUMMONS ISSUED N/A
LOCAL RULE 4.1 ✓
WAIVER FORM —
MCF ISSUED —
BY DPTY. CLK. MP
DATE 3/25/05

MAGISTRATE JUDGE RBC

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, defendant Merck & Co, Inc. ("Merck") files this Notice of Removal and states:

1. Merck is the single named defendant in an action commenced against it by the plaintiff, John D. Lach, pending in Barnstable County Superior Court in the Commonwealth of Massachusetts, captioned Lach v. Merck & Co, Inc., Civil Action No. BA-2005-00098 (the "Superior Court action"). True copies of all process, pleadings and orders served on Merck in the Superior Court action are attached hereto as Exhibit A and specifically incorporated herein.

2. In his Complaint, Plaintiff John D. Lach alleges that he is a resident of Massachusetts. Complaint & Jury Request ¶ 1. Defendant Merck is a corporation organized under the laws of the State of New Jersey with a principal place of business at One Merck Drive, Whitehouse Station, New Jersey. There is, therefore, complete diversity of citizenship.

3. The Plaintiff claims compensatory damages for injuries "consistent with an acute myocardial infarction" that resulted in a "Quintuple Coronary Artery Bypass Grafting" procedure, past and future lost income, future medical expenses, and physical pain and suffering. Id. ¶¶ 25-31, "Demand for Relief." Accordingly, Merck suggests that the matter in controversy in the state action will exceed the sum or value of $75,000, exclusive of interest and costs.

4. Merck was served with a summons and a copy of plaintiff's Complaint and Request on March 7, 2005. Consequently, this notice is timely under 28 U.S.C. § 1446(b).

5. This action is one of which this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and that may be removed to this Court by Merck.

MERCK & CO., INC.
By its attorneys:

_____
James J. Dillon (BBO# 124660)
Bradley E. Abruzzi (BBO# 651516)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02110-2600
(617) 832-1000

Dated: March 25, 2005

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing NOTICE OF REMOVAL was served on March 25, 2005 by regular mail, upon:

Philip F. Mulvey, Jr.
Law Office of Philip F. Mulvey, Jr., P.C.
536 Main Street
Falmouth, Massachusetts 02540
**Counsel for Plaintiff John D. Lach**

_____

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss.                              SUPERIOR COURT DEPARTMENT
                                             DOCKET NO.:

JOHN D. LACH,              )
       Plaintiff           )
                           )
vs.                        )
                           )
MERCK & CO., INC.,         )
       Defendant           )

## COMPLAINT AND JURY REQUEST

John D. Lach, by and through his undersigned counsel, alleges as his Complaint against the Defendant as follows:

### PARTIES

1. John D. Lach, at all times relevant hereto, has resided in South Yarmouth, Barnstable County, Massachusetts and took the drug Vioxx at points in time between 2000 and 2001. As used herein, "Plaintiff" shall refer to John D. Lach unless specifically noted otherwise.

2. At all times relevant herein, Defendant Merck & Co., Inc. (Merck), was and is an American pharmaceutical company incorporated under the laws of the State of New Jersey with its principal place of business at One Merck Drive, P.O. Box 100, Whitehouse Station, New Jersey and is licensed to do business in the Commonwealth of Massachusetts. The Defendant was and is in the business of profiting from the design, manufacture, marketing, distribution and/or sales of the brand-name prescription drug Vioxx (rofecoxib).

### FACTUAL ALLEGATIONS

3. This action arises from the sales and efficacy of Vioxx, a pain-relief drug containing rofecoxib. Vioxx is a selective COX-2 inhibitor marketed by the Defendant as an anti-inflammatory analgesic.

4. Defendant, Merck obtained FDA approval on Vioxx in approximately May of 1999 and began its distribution and sale throughout the United States in approximately May of 1999. Vioxx is a brand name used by Merck to market and distribute rofecoxib.

5. Defendant Merck distributed and sold Vioxx to consumers such as the Plaintiff. Vioxx was approved for marketing based on information in the New Drug Application, which was on a fast-track, six-month approval process to the FDA.

1

arrest, sudden or unexplained death, ischemic stroke, and transient ischemic attacks") among Vioxx users in Merck's trials at a ninety five percent (95%) confidence interval ranged from 2.2 for event-free survival analysis, 2.38 compared to naproxen users, and 4.89 for developing serious cardiovascular events among aspirin-indicated patients. See Mukherjee, D., et al., *Risk of Cardiovascular Events Associated with Selective Cox-2 Inhibitors*, JAMA, 286:8, 954-959, August 22/29, 2001. In addition, the annualized myocardial infarction rates for Vioxx users compared to placebo revealed a statistically significant increase among Vioxx users. *Id.*

13. In responsive Merck-authored and sponsored reviews, Merck set forth the theory that naproxen had a cardioprotective effect and therefore accounted for the cardiovascular risks among its Vioxx users. However, this theory was debunked in approximately January of 2002, by a Vanderbilt University School of Medicine human epidemiologic peer-reviewed study published in The Lancet, concluding that based upon information previously available there is an absence of a protective effect of naproxen or other non-aspirin, non-steroidal, anti-inflammatory drugs on risk of coronary heart disease. Ray, W., et al., *Non-Steroidal Anti-Inflammatory Drugs and Risk of Serious Coronary Heart Disease: An Observational Cohort Study*, The Lancet, 359:118-123, Jan. 12, 2002.

14. In mid-September, 2001, Merck received a *third* Warning Letter from the FDA stating, in part, that the Defendant's promotional activities and materials are "false, lacking in fair balance, or otherwise misleading in violation of the Federal Food, Drug, and Cosmetic Act (the "Act") and applicable regulations." The FDA stated that the Defendant's promotional campaign "minimized the potential serious cardiovascular findings" from a Vioxx study and "misrepresents the safety profile for Vioxx." As to Merck's May 22, 2001, press release, the FDA wrote "your claim in the press release that Vioxx has a 'favorable safety profile' is simply incomprehensible, given the rate of MI [myocardial infarction] and serious cardiovascular events compared to naproxen. The implication that Vioxx's cardiovascular profile is superior to other NSAIDs is misleading; in fact, serious cardiovascular events were twice as frequent in the VIOXX treatment group ... as in the naproxen treatment group..."

15. In approximately April of 2002, Merck was required to place cardiovascular warnings on its Vioxx labeling based on the results of the VIGOR study. In addition, Merck was required to place new label warnings relaying that Vioxx 50 mg per day is not recommended for chronic use. These warnings were based on information that had been in Merck's possession by approximately January of 2000 at the latest and, as such, Merck did not meet its obligation to provide "direction or warnings" as to the use of Vioxx within the meaning of Section 402 of the Restatement (Second) of Torts or otherwise. Neither did Merck fulfill its alleged obligation to warn the prescribing health care provider of these risks.

16. On September 30, 2004, Vioxx was withdrawn from the market worldwide when the data safety monitoring board overseeing a long-term study of Vioxx recommended that the study be halted because of an increased risk of serious cardiovascular events, including heart attacks, and strokes, among patients taking Vioxx.

3

17. At all times relevant to this litigation, Defendant Merck had a significant market share based upon claims of Vioxx's efficacy, a very aggressive marketing program which included financial incentives to sales teams, infusion of some 700 new sales representatives, and a massive direct-to-consumer advertising and physician sampling program.

18. As a result of such marketing, Vioxx gained a significant market share in competition with Celebrex that Merck would not have gained if Merck had not suppressed information about Vioxx and/or made false representations of Vioxx's superiority and efficacy.

19. If the Defendant had not engaged in this conduct, prescribers such as Plaintiff's prescriber would not have prescribed Vioxx and patients, such as the Plaintiff, would have switched from Vioxx to safer products or would have refrained wholly from any use of Vioxx.

20. From approximately 1999 through the present, the Defendant continued to engage in a common scheme in marketing, distributing and/or selling Vioxx under the guise that it was safe and efficacious for persons such as the Plaintiff.

21. The Plaintiff alleges that the suppression of this information constituted a common scheme by the Defendant to conceal material information from the Plaintiff.

22. The Plaintiff alleges that the marketing strategies, including, without limitation, the detail and sampling programs and direct-to-consumer advertising, of the Defendant targeted the Plaintiff to induce the Plaintiff to purchase Vioxx. At the time the Defendant distributed, manufactured, and marketed Vioxx, the Defendant intended that the Plaintiff would rely on the marketing, advertisements and product information propounded by the Defendant.

23. The actions of the Defendant, in failing to warn of the clear and present danger posed to others by the use of its drug Vioxx, in suppressing evidence relating to this danger, and in making deliberate and misleading misrepresentations of fact to minimize the danger or to mislead prescribers and patients as to the true risk, constitutes such clear, blatant and outrageous conduct as to warrant the imposition of exemplary damages against the Defendant.

24. The Plaintiff began taking Vioxx, 12.5 mg on or about March 10, 2000.

25. On or about May 24, 2000, Mr. Lach had a myocardial perfusion imaging study performed at Cape Cod Hospital for he had chest pain  The study indicated evidence of inferior apical scar consistent with infarct of unknown age and mild to moderate peri-infarct ischemia, inducible by exercise. The Plaintiff had a myocardial infarction in 1983.

26 About June 13, 2001, the Plaintiff was admitted to Cape Cod Hospital for evaluation of episodes of what sounded like myoclonus. At that time he was on Vioxx. His Dilantin was increased for it appeared to have been subtheraputic.

4

35. The Defendant breached its duty and was negligent in its actions, misrepresentations, and omissions towards the Plaintiff in that the Defendant:

   a. Failed to include adequate warnings with the medications that would alert the Plaintiff and other consumers to the potential risks and serious side effects of Vioxx ingestion;

   b. Failed to include adequate information or warnings with the medication that would alert the Plaintiff and the health care community to refrain from use of Vioxx without first prescribing traditional NSAIDs such as naproxen or ibuprofen;

   c. Failed to adequately and properly test Vioxx before and after placing it on the market;

   d. Failed to conduct sufficient testing on Vioxx which, if properly performed, would have shown that Vioxx had serious side effects, including, but not limited to the cardiovascular events described above;

   e. Failed to adequately warn Plaintiff and his health care providers that the use of Vioxx carried a risk of cardiovascular events, stroke and death; among other serious side effects;

   f. Failed to provide adequate post-marketing warnings or instructions after the Defendant knew or should have known of the significant risks of personal injury and death as identified herein, among other serious side effects from the use of Vioxx;

   g. Failed to adequately warn the Plaintiff that Vioxx should not be used in conjunction with any risk factors for these adverse effects such as a family history of ischemic heart disease, or risk factors for ischemic cardiovascular disease;

   h. Failed to adequately disclose and warn the Plaintiff that he undertook the risk of adverse events and death as described herein;

   i. Failed to adequately and timely inform the health care industry of the risks of serious personal injury and death from Vioxx ingestion as described herein.

36. The Defendant knew or should have known that Vioxx caused unreasonably dangerous risks and serious side effects, including death, of which the Plaintiff would not be aware. Defendant Merck nevertheless advertised, marketed, sold and distributed the drug knowing that there were safer methods and products.

37. As a direct and proximate result of the negligence and breach of the Defendant, the Plaintiff sustained serious injury. The Defendant owed a duty to the Plaintiff to use reasonable care in its actions. The Defendant's failure to use reasonable care proximately caused the Plaintiff's injuries.

6

### COUNT II: STRICT LIABILITY (Failure to Warn)

38. The Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

39. The Defendant, as a manufacturer and supplier of Vioxx, failed to provide proper warnings regarding all possible adverse side effects regarding the use of Vioxx, as well as the severity and duration of such adverse effects.

40. The Defendant failed to perform adequate testing that would have shown that Vioxx possessed serious potential side effects with respect to which full warnings were needed.

41. The Defendant, a manufacturer and supplier of Vioxx, failed to provide adequate post-marketing warning and instruction because, after the Defendant knew or should have known of the risk of injury and deaths from Vioxx, the Defendant failed to provide adequate warnings and continued to aggressively promote Vioxx.

42. As the direct and proximate result of the defective condition and inadequate warning of Vioxx:

    a. The Plaintiff suffered personal injury;

    b. The Plaintiff suffered economic loss; and

    c. The Plaintiff expended, and may in the future be required to expend, fair and reasonable expense on necessary health care, attention and services, and incurred incidental and related expenses.

### COUNT III: STRICT LIABILITY (Design Defect)

43. The Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as through set forth in full herein.

44. The Plaintiff ingested Vioxx, a medication that was either manufactured, distributed, sold, prescribed and/or otherwise put into the stream of commerce by the Defendant Merck. The defective condition of Vioxx rendered it unreasonably dangerous, and that said Vioxx was in this defective condition at the time it left the hands of the Defendant.

45. The Defendant engaged in the manufacture, distribution, sale and/or prescription of pharmaceutical medications. Vioxx, without substantial change in the condition in which it was sold, was a proximate cause of the Plaintiff's injuries

46. The Plaintiff was unaware of the significant hazards and defects in the Vioxx medication. Therefore, the Vioxx medication was unreasonably dangerous in that it was more dangerous than would be reasonably contemplated by the ordinary user. During the periods that the

7

Plaintiff was taking Vioxx, the medication was being utilized in a manner which was intended by the Defendant.

47. Vioxx was defectively designed because the foreseeable risks exceeded the benefits associated with the design or formulation.

48. Additionally, Vioxx is defective due to inadequate clinical trials, testing, study, and inadequate reporting regarding the results of the same.

49. The Defendant designed, manufactured and/or placed into the stream of commerce the product, which reached the Plaintiff in the same or substantially the same condition in which it was sold. Upon purchase by the Plaintiff, the product in question was represented to be safe and free from latent defects.

50. The Defendant is strictly liable to the Plaintiff for designing, manufacturing, and placing into the stream of commerce the product which was unreasonably dangerous for its reasonably foreseeable uses at the time it left the control of the Defendant because of the design defects which were a producing cause of the occurrence in question.

51. The product in question was defectively marketed by the Defendant with respect to its failure to warn, adequately warn, or instruct in the safe use of the product and such defect was a producing cause of the occurrence in question.

52. The Defendant knew, or in the exercise of ordinary care should have known, that the product was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used. The Defendant was negligent in the particulars set forth in this and the preceding paragraphs and such negligence was a proximate cause of the occurrence in question.

53. The Defendant owed the Plaintiff the duty of reasonable care when they tested, designed, manufactured, and marketed the product in question. The Defendant violated their duty and were negligent in the particulars set forth herein.

54. Defendant Merck is also strictly liable to the Plaintiff under Section 402B of the Restatement (Second) of Torts in misrepresenting to the public that its product was safe and without defect, which statement and representation as false and involved a material fact concerning the character or quality of the product in question, and upon which representations the consumer constructively relied, and which constituted a producing cause of the injury at issue.

55. Further, each of the above and foregoing acts or omissions of the Defendant were more than momentary thoughtlessness, inadvertence, or error of judgement. Such acts or omissions constituted such an entire want of care as to establish that the acts or omissions were the result of actual conscious indifference to the rights, safety, or welfare of the persons affected.

8

## COUNT IV: NEGLIGENT FAILURE TO WARN

56. The Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

57. Vioxx was not accompanied by appropriate warnings of the increased risk of adverse side effects caused by the ingestion of Vioxx.

58. The Defendant negligently failed to warn consumers who took Vioxx that it was dangerous.

59. The Defendant's negligence was the proximate cause of the harm suffered by the Plaintiff.

60. As a direct and proximate cause of the Defendant's negligence:

    a. The Plaintiff suffered personal injuries;

    b. The Plaintiff suffered economic loss; and

    c. The Plaintiff expended, and will in the future be required to expend, fair and reasonable expenses for necessary health care, attention and services and incurred incidental and related expenses.

## COUNT V: NEGLIGENCE PER SE

61. The Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

62. The Defendant was negligent per se because it violated applicable statutes and regulations relating to prescription drugs. The Plaintiff is a person whom these statutes and regulations were meant to protect.

63. The Defendant's negligence was the proximate cause of the harm suffered by the Plaintiff.

64. As a direct and proximate cause of the Defendant's negligence:

    a. The Plaintiff suffered personal injuries;

    b. The Plaintiff suffered economic loss, including loss of earnings and loss of earning capacity;

    c. The Plaintiff expended, and will in the future be required to expend, fair and reasonable expenses for necessary health care, attention and services and incurred incidental and related expenses.

9

## COUNT VI: MISREPRESENTATION AND SUPPRESSION

65. The Plaintiff restates each and every preceding allegation of this Complaint and incorporates each be reference as though set forth in full herein.

66. The Defendant misrepresented to the Plaintiff and the health care industry the safety and effectiveness of Vioxx and/or fraudulently, intentionally and/or negligently concealed material information, including adverse information regarding the safety and effectiveness of Vioxx.

67. The Defendant made misrepresentations and actively concealed adverse information at a time when the Defendant knew, or should have known, that Vioxx had defects, dangers, and characteristics that were other than what the Defendant had represented to the Plaintiff and the health care industry generally. Specifically, the Defendant misrepresented to and/or actively concealed from the Plaintiff, the health care industry, and the consuming public that:

    a.  Vioxx had statistically significant increases in cardiovascular side effects, including, without limitation, thrombosis, myocardial infarction and sudden onset death, identified herein which could result in serious injury or death;

    b.  There had been insufficient and/or company-spun studies regarding the safety and efficacy of Vioxx before and after its product launch;

    c.  Vioxx was not fully and adequately tested for the cardiovascular side effects at issue herein;

    d.  Other testing and studies showed the risk of or actual serious adverse risks; and/or that

    e.  There was a greatly increased risk of such cardiovascular events and death; there was a confirmed mechanism by which these thrombotic or cardiovascular events occurred as reported in the scientific literature.

68. The misrepresentations of and/or active concealment alleged were perpetuated directly and/or indirectly by the Defendant.

69. The Defendant knew or should have known that these representations were false and made the representations with the intent or purpose that the Plaintiff would rely on them, leading to the use of Vioxx.

70. At the time of the Defendant's fraudulent misrepresentations, the Plaintiff was unaware of the falsity of the statements being made and believed them to be true. The Plaintiff had no knowledge of the information concealed and/or suppressed by the Defendant.

10

71. The Plaintiff justifiably relied on and/or was induced by the misrepresentations and/or active concealment and relied on the absence of safety information which the Defendant did suppress, conceal or failed to disclose to the Plaintiff's detriment.

72. The Defendant had a post-sale duty to warn the Plaintiff and the public about the potential risks and complications associated with Vioxx in a timely manner.

73. The misrepresentations and active, fraudulent concealment by the Defendant constitutes a continuing tort against the Plaintiff, who ingested Vioxx.

74. The Defendant made the misrepresentations and actively concealed information about the defects and dangers of Vioxx with the intention and specific desire that the Plaintiff's health care professionals and the consuming public would rely on such or the absence of information in selecting Vioxx as treatment.

75. As a direct and proximate result of the fraudulent acts and omissions, suppression and misrepresentation of the Defendant, the Plaintiff suffered significant and ongoing injury and damages.

## COUNT VII: BEACH OF WARRANTY

76. The Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

77. When the Defendant placed Vioxx into the stream of commerce, the Defendant knew of the use for which it was intended and expressly and impliedly warranted to Plaintiff that the use of Vioxx was a safe and acceptable means of treatment.

78. The Plaintiff reasonably relied upon the expertise, skill, judgment and knowledge of the Defendant and upon the express and/or implied warranty that Vioxx was of merchantable quality and fit for use as intended.

79. Vioxx was not of merchantable quality and was not safe or fit for its intended use because it was and continues to be unreasonable dangerous and unfit for the ordinary purposes for which it is used in that it caused injury to the Plaintiff. Merck breached the warranty because Vioxx was unduly dangerous and unfit for the ordinary purposes for which it is used in that it caused injury to the Plaintiff. Merck breached the warranty because Vioxx was unduly dangerous in expected use and did cause undue injury to the Plaintiff.

80. The Defendant breached the implied warranty of merchantability because Vioxx cannot pass without objection in the trade, is unsafe, not merchantable, and unfit for its ordinary use when sold, and is not adequately packaged and labeled.

81. As a direct and proximate result of the Defendant's breach of the warranty of merchantability, the Plaintiff sustained serious and permanent injuries.

11

## COUNT VIII: BREACH OF EXPRESS WARRANTY

82. The Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

83. The Defendant expressly warranted to the market, including the Plaintiff, by and through statements made by the Defendant or its authorized agents or sales representatives, orally and in publications, package inserts, and other written materials to the health care community, that Vioxx was safe, effective, fit and proper for its intended use.

84. In using Vioxx, the Plaintiff relied on the skill, judgement, representations, and foregoing express warranties of the Defendant. These warranties and representations provided to be false because the product was not safe and was unfit for the uses for which it was intended.

85. As a direct and proximate result of the Defendant's breaches of warranties, the Plaintiff was injured and suffered special and compensatory damages to be proved at trial.

## COUNT IX: FRAUD

86. The Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

87. The Defendant committed actual fraud by making material representations, which were false, knowing that such material representations were false and/or with reckless disregard for the truth or falsity of such material representations, with the intent that the Plaintiff rely on such material representations; the Plaintiff acted in actual and justifiable reliance on such material misrepresentations and was injured as a result.

88. In addition, and in the alternative if necessary, the Defendant knowingly omitted material information, which omission constitutes a positive misrepresentation of material fact, with the intent that the Plaintiff rely on the Defendant's misrepresentations; Plaintiff acted in actual and justifiable reliance on Defendant's representations and was injured as a result.

89. The Defendant committed constructive fraud by breaching one or more legal or equitable duties owed to the Plaintiff relating to the Vioxx at issue in this lawsuit, said breach or breaches constituting fraud because of their propensity to deceive others or constitute an injury to the public interest or public policy.

## COUNT X: UNJUST ENRICHMENT

90. The Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

91. The Defendant accepted payment from the Plaintiff for the purchase of Vioxx.

12

92. The Plaintiff did not receive a safe and effective drug for which he paid.

93. It would be inequitable for the Defendant to retain this money because the Plaintiff did not, in fact, receive a safe and efficacious drug.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against the Defendant for damages, as well as all costs of this action, to the full extent of the law, including:

    a. Damages to compensate the Plaintiff for injuries sustained as a result of Vioxx use, past and future lost income, and future medical expenses as proven at trial;

    b. Physical pain and suffering of the Plaintiff;

    c. Pre and post-judgment interest at the lawful rate;

    d. Reasonable attorney's fees and costs; and,

    e. Such other applicable damages as the Court deems appropriate.

## JURY REQUEST

The Plaintiff respectfully requests a trial by jury.

    For the Plaintiff,
    John D. Lach,
    By his Attorney,

    Philip F. Mulvey, Jr.
    BBO #: 360880
    Law Office of Philip F. Mulvey, Jr., P.C.
    536 Main Street
    Falmouth, MA 02540
    (508) 457-0998

Dated: February 16, 2005

13

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: CONTRACT  TORT
MOTOR VEHICLE TORT   EQUITABLE RELIEF         OTHER)

# Commonwealth of Massachusetts

BARNSTABLE, ss.

SUPERIOR COURT
No. BACV2005-00098

A TRUE COPY ATTEST

*Russell Castagna*

Constable and Disinterested Person

3-7-05

JOHN D. LACH
VS.
MERCK & CO., INC.

COPY

## SUMMONS

To the above-named defendant : Merck & Co., Inc.

You are hereby summoned and required to serve upon ...Phillip E. Mulvey, Jr............
536 Main St., Falmouth, MA 02540 ............ plaintiff's attorney, whose address is
................................................................................. an answer to the
complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Barnstable either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness,      BARBARA J. ROUSE   Esquire, at Barnstable, the .......28th..........................

day of ......February........................., in the year of our Lord two thousand and ........five..............

*Scott W. Nickerson* Clerk

NOTE: When more than one defendant is involved, the names of all defendants shall appear in the caption. If a
separate summons is issued for each defendant, each should be addressed to the particular defendant.

## NOTICE TO DEFENDANT

You need not appear personally in court to answer the complaint, but if you claim to have a defense,
either you or your attorney must serve a copy of your written answer within 20 days as specified
herein and also file the original in the Clerk's office.

**CT CORPORATION**
A WoltersKluwer Company

**Service of Process Transmittal**
03/07/2005
Log Number 510019448



TO: Debra A Bollwage
Merck & Co., Inc.
One Merck Drive
Whitehouse Station, NJ, 08889-0100

RE: **Process Served in Massachusetts**

FOR: Merck & Co., Inc. (Domestic State: NJ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | John D Lach, Pltf Vs Merck and Co, Inc, Dft |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Barnstable County Superior Court, MA<br>Case # BACV2005-00098 |
| **NATURE OF ACTION:** | Negligence, Failure to Warn |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Boston, MA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/07/2005 at 14:45 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 Days |
| **ATTORNEY(S) / SENDER(S):** | Philip E Mulvey Jr<br>536 Main Street<br>Falmouth, MA, 02540 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight, 791498639228 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Dahriena Mitchell |
| **ADDRESS:** | 101 Federal Street<br>Boston, MA, 02110 |
| **TELEPHONE:** | 617-757-6403 |

Page 1 of 1 / AL

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) John D. Lach v. Merck & Co., Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

- [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
- [ ] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
- [x] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
- [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
- [ ] V. 150, 152, 153.

05 10583 PBS

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

_____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [x]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [x]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [x]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  James A. Dillon, Esq., FOLEY HOAG LLP
ADDRESS  155 Seaport Boulevard, Boston, Massachusetts 02210
TELEPHONE NO.  (617)832-1000

(Coversheetlocal.wpd - 10/17/02)

§JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JOHN D. LACH

### DEFENDANTS
MERCK & CO., INC., and KIMBERLY HENDRICKS

(b) County of Residence of First Listed Plaintiff: Barnstable, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Hunterdon, NJ
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Philip F. Mulvey, Jr., Esq., LAW OFFICE OF PHILIP F. MULVEY, JR., P.C., 536 Main Street, Falmouth, Massachusetts 02540. (508)457-0998

Attorneys (If Known)
James A. Dillon, Esq., FOLEY HOAG LLP, 155 Seaport Boulevard, Boston, Massachusetts 02210. (617)832-1000

05 10583 PBS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☒ 365 Personal Injury - Product Liability | | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332

Brief description of cause:
Action for compensatory damages for ingestion of VIOXX

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 3/25/05

SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____